UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24064-BLOOM/Torres

KOREEN DIETZ VON HOFFMAN,

    Plaintiff,

v.

HOTEL RIU PALACE BAVARO,
RIUTEL FLORIDA, INC.,
RIUSA II, S.A., and
XYZ DEFENDANT(S)

    Defendants.
_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon Plaintiff Koreen Dietz Von Hoffman's Motion to Remand to State Court, ECF No. [17] ("Motion"). Plaintiff originally filed this action in the Eleventh Judicial Circuit Court for Miami-Dade County, Florida, alleging a negligence claim against Defendants Hotel RIU Palace Bavaro, Riutel Florida, Inc., and RIUSA II, S.A. ("Defendants"). *See generally* ECF No. [1-1]. On October 24, 2023, Defendants filed a Notice of Removal, ECF No. [1]. Plaintiff now seeks to have the case remanded to Florida state court. The Court has reviewed the record, the parties' briefs, the applicable law, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is granted.

### I.   BACKGROUND

In her Complaint, Plaintiff asserts one count of negligence against Defendants. Defendant Riutel Florida, Inc. filed a Motion to Dismiss, ECF No. [6], as did Defendants Hotel RIU Palace

Bavaro and RIUSA II, S.A., ECF No. [7].[1] Plaintiff alleges she was a paying guest and business invitee at Defendant Hotel, Hotel Riu Palace Bavaro, in Punta Cana, Dominican Republic ("Subject Hotel"). ECF No. [1-1] ¶ 17. Plaintiff alleges that she slipped and fell while attending a "White Party" event hosted at the Subject Hotel "due to the presence of water and an unreasonably dangerous slippery substance on the tile floor." *Id.* ¶ 20. Defendants are engaged in "a partnership and/or agency relationship, and/or an ostensible agency relationship and/or joint venture … whereby Defendants are jointly and severally responsible for the negligence of each other as partners and/or agency relationship and/or ostensible agency relationship and/or joint venture." *Id.* ¶ 14.

Defendants removed this case to this Court based upon diversity of the parties under 28 U.S.C. § 1332. Defendants did so despite the fact that Defendant Riutel Florida, Inc. is a citizen of the State of Florida, with its principal place of business located in Miami, Florida. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) … may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); ECF No. [1] ¶ 16. Plaintiff is a citizen of the State of Michigan. ECF No. [1-1] ¶ 2. Defendant RIUSA II, S.A. is a citizen of the Kingdom of Spain "with its principal place of business located in CALLE LLAUT, S/N - RIU CENTRE PLAYA DE PALMA 07610, PALMA, Baleares Spain." ECF No. [1] ¶ 15. Defendant Hotel Riu Palace Bavaro is a trademark registered in the Dominican Republic, not a legal person. *Id.* ¶ 14; ECF No. [1-4] ¶ 4.

On November 24, 2023, Plaintiff filed the instant Motion. Therein, Plaintiff argues this case must be remanded to state court for lack of diversity jurisdiction and requests an award of

---

[1] The Court previously granted the parties' motion to stay briefing regarding Defendants' Motions to Dismiss pending the Court's resolution of the instant Motion. *See* ECF No. [19].

2

attorneys' fees in light of Defendants' unreasonable removal. Defendants respond that this Court has diversity jurisdiction because Defendant Riutel Florida, Inc. was fraudulently joined for the purpose of defeating diversity jurisdiction. Plaintiff replies that the Complaint demonstrates that Plaintiff can establish a cause of action against Defendant Riutel Florida, Inc., and this case should accordingly be remanded.

## II.   LEGAL STANDARD

### A.  Diversity Jurisdiction

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). With regard to diversity jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a)

… may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Watts v. Wal-Mart Stores East, LP*, 656 F. Supp. 3d 1363, 1366 (S.D. Fla. 2023) ("When a case is removed based on diversity jurisdiction … the case must be remanded to state court … if one of the defendants is a citizen of the state in which the suit is filed.") (citing *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011)).

The removing party has the burden of showing that removal from state court to federal court is proper. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002).

### B. Fraudulent Joinder

"In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (internal citations and quotations omitted).

> The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court. The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties. In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor.

*Id.*

A court is to resolve the question of fraudulent joinder using a similar standard as the one applied to a motion for summary judgment. *Legg v. Wyeth*, 428 F.3d 1317, 1322-23 (11th Cir.

2005). Furthermore, "the claims against those defendants who are alleged to be fraudulently joined must be obviously frivolous, and the mere possibility of stating a valid cause of action makes joinder legitimate." *Carl's Furniture, Inc. v. APJL Consulting, LLC*, No. 15-60023-CIV, 2015 WL 1467726, at *3 (S.D. Fla. Mar. 30, 2015) (internal citation omitted). Overall, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

### III. DISCUSSION

The Court first addresses whether Defendants have met their burden to show that Defendant Riutel Florida, Inc. was fraudulently joined in this action. The Court next considers whether an award of attorneys' fees is warranted in light of its conclusion that Defendants have failed to meet this heavy burden.

#### A. Remand

As noted, the Complaint alleges that "a partnership and/or agency relationship, and/or an ostensible agency relationship and/or joint venture existed between the Defendants whereby Defendants are jointly and severally responsible for the negligence of each other as partners and/or agency relationship and/or ostensible agency relationship and/or joint venture." ECF No. [1-1] ¶ 14.

Defendants contend that this Court has diversity jurisdiction over the instant action because Defendant Riutel Florida, Inc. was fraudulently joined to defeat federal jurisdiction. Defendants argue that there is no possibility that Plaintiff can establish a cause of action against Defendant Riutel Florida, Inc. Plaintiff argues that Florida law recognizes a cause of action against defendants who jointly own and operate a premises based upon a joint venture theory of negligence liability, and the allegations in the Complaint are sufficient. Defendants respond that the Complaint fails to

5

sufficiently allege that Defendants are part of a joint venture, a partnership, or agency relationship to establish a cause of action against Defendant Riutel Florida, Inc. Defendants attach three Declarations and contend that those declarations demonstrate that Plaintiff cannot possibly establish a cause of action against Defendant Riutel Florida, Inc. Plaintiff replies that her "position [is] that Defendants engaged in a Florida-centric joint venture to own, operate, and manage RIU resorts, and any one [of] Defendant's negligence that caused Plaintiff's injuries can be imputed to all other Defendant[s] within the joint venture." ECF No. [30] at 3.

The Court agrees with Defendants that the Complaint fails to sufficiently allege that Defendants are members of a partnership, or that Defendant Hotel RIU Palace Bavaro is the actual or apparent agent of Defendants Riutel Florida, Inc. or RIUSA II, S.A. Plaintiff does not dispute this conclusion. *See* ECF No. [30] at 3.

Under Florida law, "[i]t is well established law that partners, acting within their authority and in pursuit of partnership business, bind all other partners and act as their agents." *Kelly v. State, Dep't of Ins.*, 597 So. 2d 900 (Fla. Dist. Ct. App. 1992) (collecting cases). "It is equally well established that each general partner is personally liable for all partnership obligations." *Id.* As Defendants observe, with the exception of Plaintiff's conclusory allegation that "Defendants are jointly and severally responsible for the negligence of each other as partners[,]" the Complaint is devoid of any allegations that Defendants are members of a partnership. ECF No. [1-1] ¶ 14. The Complaint accordingly fails to state a cause of action against Defendants based on a partnership theory of liability.

Moreover, Plaintiff's allegation that Defendants have an actual or apparent agency relationship with each other is conclusory. "The essential elements of an actual agency relationship are: (1) acknowledgement by the principal that agent will act for him, (2) the agent's acceptance

of the undertaking, and (3) control by the principal over the actions of the agent." *Dye v. Tamko Bldg. Prods., Inc.*, 275 F. Supp. 3d 1314, 1321 (M.D. Fla. 2017). "Apparent agency … exists when: (1) the alleged principal makes some sort of manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal; (2) the third party's belief was reasonable; and (3) the third party reasonably acted on such belief to his detriment." *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F. Supp. 2d 1351, 1357 (S.D. Fla. 2009) (citing *Doonan v. Carnival Corp.,* 404 F.Supp.2d 1367, 1371 (S.D. Fla. 2005)). Here, Plaintiff does not allege that Defendants relationship features those essential elements. *See generally* ECF No. [1-1]. The Court thus concludes that Plaintiff also fails to allege a cause of action against Defendants based on an agency theory of liability.

Nevertheless, the Complaint states a colorable negligence claim against Defendants based on a theory of joint venture liability. As Plaintiff accurately observes, the negligence of one member of a joint venture can be imputed to all members of a joint venture under Florida law. *Fla. Rock & Sand Co. v. Cox*, 344 So. 2d 1296, 1298 (Fla. 3d DCA 1977). "To assert a joint venture theory of negligence liability, a plaintiff must allege the following elements: '(1) a community of interest in the performance of a common purpose; (2) joint control or right of control; (3) a joint proprietary interest in the subject matter; (4) a right to share in the profits; and (5) a duty to share in any losses which may be sustained.'" *Brown v. Carnival Corp.*, 215 F. Supp. 3d 1312, 1318-19 (S.D. Fla. 2016) (citing *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F. Supp. 2d 1351, 1357 (S.D. Fla. 2009)).

Here, Defendants argue that the Complaint does not allege that Defendant Riutel Florida, Inc. is engaged in a joint venture with Defendants Hotel RIU Palace Bavaro and RIUSA II, S.A. Defendants contend that their supporting declarations also demonstrate that Plaintiff cannot satisfy

the elements of a joint venture claim with respect to Defendant Riutel Florida, Inc., and that there is accordingly no possibility Plaintiff can establish a cause of action against Defendant Riutel Florida, Inc. Plaintiff replies that her allegations are sufficient and attaches three exhibits in support of her claim.

Plaintiff's allegations supporting a joint venture between Defendants, while not the model of clarity, nonetheless demonstrate that Plaintiff alleges a colorable negligence claim against Defendant Riutel Florida, Inc. The Complaint alleges that "Defendant, RIUSA II, S.A. conducted ongoing and systematic business in the U.S. and in Florida through its operation of other RIU hotels in Florida, including through Defendant RIUTEL FLORIDA, INC" and "Defendant, RIUSA II, S.A. has ownership interest in, manages and/or operates the international chain of hotels and holding companies, including RIUTEL FLORIDA, INC. and HOTEL RIU PALACE BAVARO." ECF No. [1-1] ¶¶ 4-5. The Complaint also alleges that Luis Riu Guell and Carmen Riu Guell "are the officers and/or managing directions of Defendant, RIUSA II, S.A.[,]" and that those corporate officers also "own, operate, manage, control and implement the policies and procedures for RIU Hotels and Resorts across the world, including the subject Resort, HOTEL RIU PALACE BAVARO, at times from their offices located at 3101 Collins Avenue, Miami Beach, [Florida]." *Id.* ¶¶ 6-7. The Complaint further alleges that all three Defendants "are corporations having a principal place of business in Miami, Florida and/or doing substantial and non-isolated business from or within the State of Florida, including" entering into management agreements regarding the Subject Hotel, operating or marketing vacations at the Subject Hotel, "shar[ing] in the profits and losses for the [subject hotel]," deriving substantial income from the same, and "shar[ing] common Florida-based officers[.]" *Id.* ¶ 12.

The Complaint alleges in the alternative that "at all material times, a partnership and/or agency relationship, and/or an ostensible agency relationship and/or joint venture existed between the Defendants whereby Defendants are jointly and severally responsible for the negligence of each other as partners and/or agency relationship and/or ostensible agency relationship and/or joint venture." *Id.* ¶ 14. The Complaint also includes a "Joint Venture" section wherein Plaintiff alleges "[i]n addition, or in the alternative, [that] Defendants RIUSA II, S.A. and HOTEL RIU PALACE BAVARO were and are engaged in a Florida-based joint venture" and "are parties to an express or implied contract, the subject of which is the ownership, management and/or operation of the subject Resort." *Id.* ¶ 15. Plaintiff alleges that "Defendants share a community of interest or a joint proprietary interest in the ownership, management and operation of the subject Hotel. Defendants have joint control or the right to control the operations of the subject Hotel and a duty to share in the profits and losses." *Id.* ¶ 16.

Defendants emphasize the fact that the "Joint Venture" allegations name Defendants Hotel RIU Palace Bavaro and RIUSA II, S.A., but not Defendant Riutel Florida, Inc. According to Defendants, the Complaint therefore does not allege that all three Defendants are engaged in a joint venture. That argument is controverted by the pleadings, however. As set forth above, the Complaint's jurisdictional allegations allege that all three Defendants are engaged in a joint venture, the Subject Hotel, have a common interest in and jointly control their proprietary interest in the Subject Hotel, and share in the profits and losses from the Subject Hotel. *See id.* ¶¶ 11, 14. Those allegations thus sufficiently allege that all three Defendants are engaged in a Florida-based joint venture concerning the Subject Hotel.

The fact that the "Joint Venture" section of the Complaint does not explicitly *reiterate* that all three Defendants are a part of this joint venture, instead specifying that the two non-Florida

Defendants are part of the alleged Florida-based joint venture, fails to demonstrate that the Complaint lacks joint venture allegations as to all three Defendants. Additionally, the allegation that "Defendants share a community of interest or a joint proprietary interest" in the Subject Hotel and a "joint right of control" is not explicitly limited to Defendants Hotel RIU Palace Bavaro and RIUSA II, S.A. *Id.* ¶ 16. Defendants accordingly cannot meet their burden by arguing that the Complaint lacks sufficient joint venture allegations in the first place. Defendants have failed to show that those allegations are insufficient, let alone that the Complaint fails to demonstrate even the *possibility* that Plaintiff can establish a cause of action against Defendant Riutel Florida, Inc.

As noted above, "[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez*, 139 F.3d at 1380. Here, Defendants provide declarations from Janneth Monroy ("Monroy"), the Assistant General Manager of Defendant Riutel Florida, Inc., Roberto Millers Wyatt ("Wyatt"), the General Manager of Defendant Hotel Riu Palace Bavaro—the Subject Hotel—and Juan Antonio Medinas Ramos ("Ramos"), who describes himself as an "employee" of RIUSA II, S.A. *See generally* ECF Nos. [26-1] – [26-3]. Relevant here, Monroy's declaration provides that Defendant Riutel Florida, Inc. does not "own, maintain, manage, control, market, run, or operate the Hotel RIU Palace Bavaro located in Punta Cana, Dominican Republic." ECF No. [26-1] ¶ 6. Monroy's declaration also notes that Defendant Riu Palace Bavaro "is a non-entity trademark registered in the Dominican Republic and is not the entity that owns the hotel property." *Id.* ¶ 4. Wyatt's declaration provides that "HOTEL RIU PALACE BAVARO was not engaged in a Florida-based joint venture with any of the Defendants in the above-styled matter[,]" has no presence in Florida, did not transact any business with Plaintiff in Florida, and has no management or similar agreement with Defendant

10

Riutel Florida, Inc. ECF No. [26-2] ¶¶ 5-18. The Ramos declaration similarly provides that Defendant "RIUSA II, S.A. [is] not engaged in a 'Florida-based joint venture' with any of the Defendants in the above-styled mater[,]" has no presence in Florida, and "does not use Riutel Florida, Inc. in relation to any other hotel, other than providing managerial support to the Miami Hotel." ECF No. [26-3] ¶¶ 5-17.

For its part, Plaintiff provides evidence supporting her allegation that Defendants Riutel Florida, Inc. and RIUSA II, S.A. are controlled by the same co-CEOs. Plaintiff first provides Defendant Riutel Florida, Inc.'s corporate registration information listed on Florida's Division of Corporation's "Sunbiz" website. *See* ECF No. [30-1]. Defendant's Riutel Florida, Inc.'s corporate registration provides that Luis Riu Guell serves as the "Director, President, [and] Treasurer" of Defendant Riutel Florida, Inc., and that Carmen Riu Guell serves as its "VP". *See id.* at 2. Plaintiff next provides Carmen Riu Guell's *curriculum vitae*, which notes that Carmen Riu Guell is the "Chief Executive Officer of [Defendant] RIUSA II, [S.A.]." ECF No. [30-2]. Carmen Riu Guell's *curriculum vitae* further provides that she has served as the "CEO of the RIU Group along with her brother Luis Riu" since 1998. *Id.* Plaintiff also provides a slideshow presentation from "RIU Hotels and Resorts", which describes Carmen Riu Guell and Luis Riu Guell as the "Chief Executive Officer[s]" of "RIU Hotels & Resorts[.]" *See* ECF No. [30-3] at 6. Plaintiff contends that this evidence sufficiently supports her "jurisdictional and liability theory that Defendants' common CEOs – Luis Riu Guell and Carmen Riu Guell – manage the RIU Hotel empire from their principal place of business in Florida." ECF No. [30] at 2.

The declarations relied on by Defendants disclaim the existence of any joint venture between Defendants and provide that Defendant Riutel Florida, Inc. does not "own, maintain, manage, control, market, run, or operate the Hotel RIU Palace Bavaro located in Punta Cana,

11

Dominican Republic." ECF No. [26-1] ¶ 6. The evidence provided by Plaintiff in turn supports her allegation that Defendants Riutel Florida, Inc. and RIUSA II, S.A. share common officers, including the co-CEOs of Defendant RIUSA II, S.A. Furthermore, the slideshow presentation provides that co-CEOs Carmen Riu Guell and Luis Riu Guell control "RIU Hotels & Resorts" without restricting that language to the control of parent company RIUSA II, S.A. *See* ECF No. [30-3] at 6. This ambiguity is particularly significant because, while the Monroy declaration provides that Defendant Riu Palace Bavaro is a registered trademark and "is not the entity that owns the hotel property[,]" Defendants' declarations and briefing do not specify which entity owns, operates, and controls the Subject Hotel.[2]

Plaintiff's supporting submissions demonstrate that the nature of the relationship between Defendant RIUSA II, S.A., Defendant Riutel Florida, Inc., and the Subject Hotel is unclear. Furthermore, it lends support to Plaintiff's allegation that all three Defendants are controlled by the same corporate officers from their office in Florida, or that those officers had a joint right of control over Defendants. Should Plaintiff further substantiate this allegation, that evidence would also support a finding that Defendants share "a community of interest in the performance of a common purpose[,]" namely, the operation of RIU Hotels and Resorts worldwide. *Fojtasek*, 613 F. Supp. 2d at 1357. That evidence also casts doubt on the declarations' assertions that Defendants were not and are not engaged in a Florida-based joint venture. ECF No. [26-2] ¶ 5; ECF No. [26-3] ¶ 5.

As Plaintiff correctly observes, concluding that no such joint venture exists on the basis of Defendant's supporting declarations is particularly premature considering that the creation of a

---

[2] Defendants RIUSA II, S.A. and Riu Palace Bavaro's Motion to Dismiss observes that "RIUSA, the Spanish entity, does provide managerial supervision to both Riutel Florida, Inc. and Palace Bavaro" but similarly fails to specify the entity that owns the Subject Hotel. ECF No. [7] at 9.

12

joint venture can be inferred from the parties' conduct. *Pinnacle Port Cmty. Ass'n v. Orenstein*, 872 F.2d 1536, 1539 (11th Cir. 1989). Plaintiff has not directly refuted the declarations' representations that Defendants Riutel Florida, Inc. and RIUSA II, S.A. lack the requisite joint propriety control over the Subject Hotel to support a joint agency theory of liability. Notwithstanding, Plaintiff does provide evidence that certainly casts doubt on Defendant's declarations and suggests that Defendants meet some of the elements of a joint venture theory of negligence liability, namely, joint control. Moreover, Plaintiff could satisfy the remaining elements of a joint venture upon a showing that Defendants Riutel, Florida Inc. and RIUSA II, S.A. share a common purpose in marketing and operating RIU Hotels and Resorts, have a joint proprietary interest in the Subject Hotel, and share corporate profits and losses from RIU Hotels and Resort properties. In short, while Defendants have demonstrated that Plaintiff may ultimately be unable to *prevail* on its theory of joint liability, they have failed to show that Plaintiff's claim against Defendant Riutel Florida, Inc. is "obviously friviolous[,]" or that Plaintiff otherwise has no "possibility of stating a valid cause of action[.]" *Triggs*, 154 F.3d at 1287.

Furthermore, Defendants provide no authority in support of denying Plaintiff's Motion to Remand in this context.[3] Instead, they quarrel with Plaintiff's reliance on *Brown v. Carnival Corp.*, 215 F. Supp. 3d 1312 (S.D. Fla 2016) and *Bitet v. Holding RIU Hotels, Inc.*, No. 15-20029-civ-Lebard/Goodman, 2016 WL 11547504 (S.D. Fla. Aug. 29, 2016). Defendants' observation that the plaintiff in *Brown* alleged a joint venture theory of negligence that differs from Plaintiff's joint

---

[3] Defendants' contention that *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F. Supp. 2d 1351 (S.D. Fla. 2009) is "instructive" is unavailing. First, the court in *Fojtasek* dismissed the plaintiff's agency and joint venture allegations based on the defendant's motion to dismiss, not upon a finding that there was no possibility that those allegations could establish a cause of action against the defendant. *See id.* at 1357. Second, unlike *Fojtasek*, Plaintiff sufficiently alleges that Defendants are engaged in a Florida-based joint venture. The plaintiff in *Fojtasek* "merely alleged in conclusory fashion that [the defendants] were engaged in a joint venture." *Id. Fojtasek* thus provides no basis for denying Plaintiff's Motion to Remand.

13

venture theory fails to show that Plaintiff has no possibility of establishing a cause of action against Defendant Riutel Florida, Inc. Moreover, Defendants are incorrect that *Bitet* is indistinguishable from Plaintiff's joint venture theory. In *Bitet*, the court dismissed the plaintiff's negligence claim in light of the plaintiff's failure "to assert a legal theory that would permit it to hold one subsidiary liable for the negligence of another subsidiary[.]" 2016 WL 11547504, at *7. Here, as discussed, Plaintiff asserts a legal theory permitting this Court to hold Defendants liable for the negligence of the other, namely, a joint venture theory of liability. The Court is accordingly unconvinced by Defendants characterization of the authorities on which Plaintiff relies.

The Court concludes that Defendants have failed to meet their heavy burden to show that there is no possibility that Plaintiff can establish a cause of action against Defendant Riutel Florida, Inc. The Complaint's joint venture allegations demonstrate that Plaintiff states a colorable negligence claim against Defendant Riutel Florida, Inc. The Court's task is not to determine whether Plaintiff's is likely to prevail on this claim. *Cf. Pacheco de Perez*, 139 F.3d at 1380-81 ("The fact that the plaintiffs may not ultimately prevail against the individual defendants because of an insufficient causal link between the defendants' actions and the plaintiffs' injuries does not mean that the plaintiffs have not stated a cause of action for purposes of fraudulent joinder analysis.") (citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)); *see also Triggs*, 154 F.3d at 1287 ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate."). Nor is the Court's task "to gauge the sufficiency of the pleadings in this case." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006). Instead, "[o]ur inquiry is more basic: we must decide whether the defendants have proven by clear and convincing

evidence that no [Florida] court could find this complaint sufficient." *Id.* Defendants have failed to meet this burden. Remand is therefore warranted.

### B.  Attorneys' Fees

Plaintiff's Motion also requests that the Court award attorneys' fees and costs incurred as a result of Defendants' removal. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees incurred as a result of the removal[.]" The United States Supreme Court instructs that such relief is appropriate "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Plaintiff requests attorneys' fees and costs based on Defendants failure to show that Defendant Riutel Florida, Inc. was fraudulently joined in this action. Defendants respond that Plaintiff fails to identify any case law supporting her position that an award of attorneys' fees is warranted in this context. Plaintiff replies that she is entitled to attorneys' fees considering Defendants "misinformed strategy" and the time and resources expended by Plaintiff to respond to Defendants' removal of this case. ECF No. [30] at 5.

The Court concludes that awarding attorneys' fees is inappropriate here. As Defendants accurately observe, although "proof of bad faith removal is not required, there is no indication that a trial court should grant attorney's fees whenever an effort to remove fails." *Parham v. Osmond*, Case No: 8:19-cv-592-T-60SPF, 2019 WL 3822193, at *4 (M.D. Fla. Aug. 15, 2019). As discussed in detail above, while Defendants ultimately failed to meet their heavy burden with respect to fraudulent joinder, Defendants' position is not so unreasonable as to justify an award of attorney's fees. Moreover, Plaintiff's reliance on her arguments in support of remand fails to show why an award of attorneys' fees is justified here. Plaintiff's request for attorneys' fees and costs is accordingly denied.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This matter is **REMANDED** to the Eleventh Judicial Circuit Court in and for Miami-Dade County for further proceedings.

2. The Clerk is **DIRECTED TO CLOSE** this case.

3. Defendant Riutel Florida, Inc.'s Motion to Dismiss, **ECF No. [6]**, and Defendants Hotel RIU Palace Bavaro and RIUSA II, S.A.'s Motion to Dismiss, **ECF No. [7]**, are **DENIED AS MOOT**.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 8, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record